# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH NET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-1722C |
| | ) | |
| v. | ) | |
| | ) | Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME

The United States of America ("United States") respectfully moves this Court to stay this action pending the outcome of the *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224, and *Moda Health Plan, Inc. v. United States*, No. 17-1994, cases now before the Federal Circuit. On May 30, 2017, the Federal Circuit issued an Order that *Land of Lincoln* and *Moda* "are considered companion cases and will be assigned to the same merits panel." *See Land of Lincoln*, Dkt. 140 (May 30, 2017), attached as Exhibit A.

The United States seeks a stay of the proceedings in this case so that the Federal Circuit has the opportunity to issue its decision on the same legal issues raised in Health Net's Complaint. A temporary, carefully-monitored stay pending disposition of the appeals already before the Federal Circuit, which will likely result in binding precedent that will dispose of all issues in this case, will conserve judicial resources and streamline consideration of any issues that might remain to be decided here.

In the alternative, should this Court deny a stay, the United States requests that this Court enlarge the deadline for the United States to respond to Health Net's Complaint by an additional 120 days, until October 30, 2017.

Health Net opposes a stay and any extension of time for the United States to respond to its Complaint.

**I.   Background**

This is one of 26 cases filed in the last 16 months in this Court in which health insurance companies claim that they are entitled to additional payments under the risk corridors program created by section 1342 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18062. *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.); *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.); *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C (Griggsby, J.); *Land of Lincoln Mut. Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.); *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Smith, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams, J.); *Blue Cross of Idaho Health Serv., Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.); *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.); *Blue Cross and Blue Shield of South Carolina v. United States*, No. 16-1501C (Griggsby, J.); *Neighborhood Health Plan, Inc. v. United States*, No. 16-1659C (Smith, J.); *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.); *HPHC Ins. Co. v. United States*, No. 17-87C (Griggsby, J.); *Medica Health Plans v. United States*, No. 17-94C (Horn, J.); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C (Braden, J.); *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.); *Blue Cross and Blue Shield of Alabama v. United States*, No. 17-347C (Campbell-Smith, J.); *BlueCross BlueShield of Tennessee, Inc. v. United States*, No. 17-348C (Horn, J.); *Sanford Health Plan v. United States*, No. 17-357C

(Bruggink, J.); *Raymond Farmer v. United States*, No. 17-363C (Campbell-Smith, J.); *Health Alliance Med. Plans, Inc. v. United States*, No. 17-653C (Campbell-Smith, J.); *EmblemHealth, Inc. v. United States*, No. 17-703C (Wheeler, J.); *Doug Ommen v. United States*, No. 17-712C (Lettow, J.). These cases implicate a total of $8.3 billion in the 2014 and 2015 benefit years.

The Court entered the first decision in these cases in *Land of Lincoln*, in favor of the United States. Land of Lincoln appealed and the appeal is now fully briefed before the Federal Circuit. In *Moda*, the Court entered judgment in favor of the plaintiff and the United States appealed. As noted above, on May 30, 2017, the Federal Circuit issued an Order that *Land of Lincoln* and *Moda* will be treated as companion cases and will be argued before and decided by the same panel.

A third case has reached judgment in the Court. In *Blue Cross and Blue Shield of North Carolina*, the Court dismissed the complaint on the ground that the government's implementation of the program is reasonable and consistent with the ACA. 131 Fed. Cl. 457 (2017). On June 9, 2017, Blue Cross and Blue Shield of North Carolina filed a notice of appeal.

Dispositive motions have been fully briefed and are pending a decision in four other cases: *First Priority*, *Health Republic*, *Montana*, and *Maine Community Health Options*. *Health Republic* has been certified as a class action and cross-motions for summary judgment are pending. In addition, the Court has entered stays in 13 other cases: *New Mexico Health Connections*, *Minuteman Health*, *BCBSM*, *Alliant Health Plans*, *Blue Cross of Idaho Health Service*, *Blue Cross and Blue Shield of South Carolina*, *Neighborhood Health Plan*, *Medica Health Plans*, *Blue Cross and Blue Shield of Alabama*, *BlueCross BlueShield of Tennessee*, *Sanford Health Plan*, *Farmer* and *Blue Cross and Blue Shield of Kansas City*.

In *Sanford Health Plan*, the United States sought a stay pending that Court's disposition of the previously-filed *Maine Community Health Options*, where the parties' cross-dispositive

motions are fully briefed and argued. No. 17-357C, Dkt. 6. Sanford Health Plan, along with Maine Community Health Options and Montana, are represented by the same counsel who represent Health Net, and all four plaintiffs make similar claims. Sanford Health Plan opposed a stay, asserting that the United States failed to "demonstrate a pressing need for a stay." No. 17-357C, Dkt. 7 at 1. The Court granted a stay, finding that the United States had "shown good cause why a limited stay is appropriate." No. 17-357C, Dkt. 8 at 1. The Court held that "denying a stay would serve to merely consume additional resources for all parties while shedding little additional light" and that "[t]he prejudice to plaintiff is thus *de minimis*." *Id*. at 2.

In *Farmer*, the United States moved for a stay pending the Federal Circuit's ruling in *Land of Lincoln* and *Moda*. No. 17-363C, Dkt. 8; *see also* No. 17-363C, Dkt. 5 (motion for a stay pending the Federal Circuit's ruling in *Land of Lincoln*, made prior to the Federal Circuit's order making *Moda* a companion case). Farmer opposed, arguing that the United States requested an indefinite stay and failed to show a "pressing need." No. 17-363C, Dkt. 7 at 2-3. The Court granted a stay, finding that the requested stay was not "indefinite":

> The end point of the stay can be specifically defined as the date on which the Federal Circuit issues its decisions in the *Land of Lincoln* and *Moda Health* cases, which have been submitted for common review. The fact that the court cannot predict the exact date on which the Federal Circuit will issue its opinions does not mean the term of the stay is undefined.

No. 17-363C, Dkt. 9 at 3.

Because the United States did not request an indefinite stay, the "court, then, need not identify the 'pressing need' urged by plaintiffs, and may exercise its discretion to stay these proceedings so long as the stay is 'so framed in its inception that its force will be spent within reasonable limits.'" *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)). The Court continued:

> Given the advanced stage of the *Land of Lincoln* and *Moda Health* cases, the court finds that a stay pending the outcome of these matters will be of reasonable length, and therefore not "immoderate." *See Landis*, 299 U.S. at 257; see also [*Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1416 (Fed. Cir. 1997)]. Moreover, given the symmetry of issues involved, the court agrees with defendant that a stay will serve the valuable purpose of preserving the resources of both the parties and the court. These cases will proceed more efficiently and more productively with the forthcoming guidance from the Federal Circuit.

No. 17-363C, Dkt. 9 at 3.

Subsequent to the *Farmer* Court's decision, Chief Judge Braden asked the parties *sua sponte* in *Blue Cross and Blue Shield of Kansas City* whether they would consent to a stay "pending a final decision by the United States Court of Appeals for the Federal Circuit in the consolidated appeals of" *Land of Lincoln* and *Moda*. No. 17-95, Dkt. 10. Upon the parties' consent, the Court issued the stay. *Id.*

Finally, on June 15, 2017, in *Health Republic*, a class action affecting over 150 insurers in which cross-motions for summary judgment are fully briefed, Judge Sweeney *sua sponte* ordered a status conference to "discuss . . . staying proceedings on the parties' cross-motions for summary judgment pending the resolution of the appeals in one or more of the risk corridors cases currently before the United States Court of Appeals for the Federal Circuit." No. 16-259C, Dkt. 58.

## II. Procedural History

The United States previously moved to stay this case pending this Court's disposition of *Montana Health CO-OP* v. *United States,* No. 16-1427C, in which Montana seeks summary judgment on a claim *identical* to the one brought by Health Net. Dkt. 6.[1] This Court denied the

---

[1] In our motion, the United States demonstrated that Health Net, represented by the same counsel as Montana, makes only one claim for relief – a claim based upon section 1342. That identical claim is also made by Montana. We showed that a review of Health Net's Complaint reveals no facts or legal arguments that are not already before this Court in *Montana*. This Court has not yet issued a decision in *Montana*.

5

request, concluding that the United States did not show "the requisite 'pressing need,'" for a stay. Dkt. 8.

With Health Net's consent, this Court did enlarge the time for the United States to respond to Health Net's Complaint by 60 days. *Id.* Again with Health Net's consent, this Court has ordered two additional 30-day enlargements. Dkt. 10, 12. The current deadline for the United States to respond to Health Net's Complaint is June 30, 2017.

## III. A Stay Is Proper and Will Conserve Substantial Resources

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (citing *Landis*, 299 U.S. at 254). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal punctuation omitted). The Supreme Court has highlighted the conservation of judicial resources as an important reason for a trial court to stay proceedings in any matter pending before it, particularly where the appellate court may resolve issues before the trial court. *Landis*, 299 U.S. at 254-55; *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) ("The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Indeed, the Supreme Court also recognized that in cases of great complexity and significance, like the risk corridors issues in this case, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, a

decision by the Federal Circuit would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256.

Because the legal issues presented in this case mirror the issues raised in *Land of Lincoln* and *Moda*, which the Federal Circuit have made companion cases that will be heard and decided by the same panel, the further development of those cases on appeal will be instructive and likely dispositive. A stay therefore will conserve judicial resources and the resources of both parties by reducing the amount of briefing of issues already pending before the Federal Circuit.

The United States' request for a stay pending a decision by the Federal Circuit in *Land of Lincoln* and *Moda* is not the same as our prior request for a stay pending this Court's decision in *Montana*. This request is based on events that have occurred subsequent to this Court's March 2, 2017 denial of stay. Specifically, appellate briefing in *Land of Lincoln* has concluded, the Court has decided *Moda* in favor of the plaintiff and the United States appealed, the Federal Circuit made *Land of Lincoln* and *Moda* companion cases that will be heard and decided by the same panel, the Court decided *Blue Cross and Blue Shield of North Carolina* and Blue Cross and Blue Shield of North Carolina has appealed to the Federal Circuit. Additionally, seven additional new cases have been filed in this Court.

In addition, since this Court's March 2, 2017 denial of stay, the Court has stayed other pending cases. The Court in *Sanford Health Plan* entered a stay over the plaintiff's opposition in order to avoid "consum[ing] additional resources for all parties while shedding little additional light." In *Farmer*, the Court, again over the plaintiff's opposition, entered a stay pending the Federal Circuit's ruling in *Land of Lincoln* and *Moda* after concluding that the stay was not indefinite and the United States was not obligated to demonstrate a "pressing need." Judge Campbell-Smith held the stay would "preserv[e] the resources of both the parties and the court"

7

and allow the case to "proceed more efficiently and more productively with the forthcoming guidance from the Federal Circuit."

More recently, the Court in *Blue Cross and Blue Shield of Kansas City sua sponte* entered a stay pending the Federal Circuit's rulings in *Land of Lincoln* and *Moda*, and the Court in *Health Republic sua sponte* ordered a status conference to discuss potential entry of a similar stay.

If this Court were to deny our request for a stay and the parties were to brief the issues in this case, the case would nevertheless need to be briefed anew following the Federal Circuit's disposition of *Land of Lincoln* and *Moda*.[2] In contrast, a stay in this case will allow the parties to address the Federal Circuit's ruling with targeted briefing in a more efficient manner.[3]

Moreover, if this Court requires the United States to respond to Health Net's Complaint as scheduled (June 30, 2017) briefing in this case will occur almost simultaneous with briefing before the Federal Circuit in *Moda*, where the United States' opening brief is due July 10, 2017. Such a scenario would have this Court considering our response (a motion to dismiss Health Net's Complaint) *at the same time* the Federal Circuit is considering the very same legal issues. Briefing here would be an indisputable waste of resources, when the Federal Circuit is preparing to resolve the issues the parties would brief.

And that briefing would be particularly pointless because Health Net has not sought summary judgment. Even if this Court were to decide the government's motion to dismiss and deny it before the Federal Circuit decides the appeals, that denial will not dispose of the case. The

---

[2] Notably, as this Court is aware, in *Montana* the parties have already had three separate rounds of briefing to address subsequently issued opinions by other members of the Court, while in *First Priority*, the parties have had two additional rounds of briefing to address those opinions.

[3] The Federal Circuit's decision to consider *Land of Lincoln* and *Moda*, the former decided in favor of the United States and the latter in favor of the plaintiff insurer, as companion cases ensures that the appellate court will consider differing perspectives.

United States would then have time to answer the Complaint, and the parties would proceed with litigation. In the meantime, the Federal Circuit will certainly issue its ruling, which, if contrary to the Court's potential denial of the motion to dismiss, would require yet another round of motions and briefing. All of that needless waste of the Court's and parties' resources is avoided by a stay.

### A. The United States Does Not Seek an Indefinite Stay

As recognized by Judge Campbell-Smith in *Farmer*, the United States is not seeking an indefinite stay. The United States seeks a stay only until the Federal Circuit decides *Land of Lincoln* and *Moda*. This is a measured stay, not an indefinite one. As Judge Campbell-Smith found, "[t]he fact that the court cannot predict the exact date on which the Federal Circuit will issue its opinions does not mean the term of the stay is undefined." No. 17-363C, Dkt. 9 at 3.

The alternative of requiring the parties to brief this case while the Federal Circuit considers the same issues needlessly expends "time and effort for [this Court], for counsel, and for litigants." *Landis*, 299 U.S. at 254. The stay requested here is moderate, and as addressed below, causes no harm to Health Net.

The United States recognizes that this Court deemed the previous request to stay this case pending a decision in *Montana* to be a request for an indefinite stay, and found that the government did not show the requisite "pressing need." Dkt. 8. That ruling was consistent with this Court's denial of the requested stay in *Montana*. 16-1427C, Dkt. 16. The United States' previous requests for stays in *Montana* and in this case, however, were based upon anticipated future events occurring in the Court of Federal Claims. Now, in contrast, the United States' request for a stay is based on a certain event in the Federal Circuit: a ruling in the companion cases of *Land of Lincoln* and *Moda* that will result in binding precedent that likely will dispose of all issues in this case and, if not, certainly will narrow the issues remaining for consideration.

9

### B. A Stay Will Not Prevent Health Net from Having Its Claim Heard or Delay Potential Recovery

Health Net cannot provide any legitimate justification for moving forward in this case now while the appeals in *Land of Lincoln* and *Moda* are pending. A stay will not delay any potential recovery for Health Net should it ultimately prevail. As noted above, the Federal Circuit assigned the *Land of Lincoln* and *Moda* appeals to the same panel, and that panel will address the same legal issues now before this Court. Thus, even if Health Net prevails on its claim in this Court, Health Net will not recover until the appeals in those risk corridors cases, as well as its own case, have concluded.

Staying this case until the Federal Circuit decides *Land of Lincoln* and *Moda* will not alter Health Net's ability to obtain a timely decision or potential recovery – it will only drastically reduce the resources expended by the Court and the parties in reaching that resolution.

## IV. Conclusion

Accordingly, the United States seeks a time-limited, carefully-monitored stay pending further developments in the companion appeals of *Land of Lincoln* and *Moda*. The United States proposes that within 30 days of the disposition of those appeals, the parties submit a status report with the Court outlining next steps or the parties can submit status reports every 45 days (or at another appropriate interval acceptable to the Court) after entry of an order granting the stay in order to closely monitor its continued utility. In the alternative, the United States requests an extension, to October 30, 2017, to respond to the Complaint.

Dated: June 22, 2017                                    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

/s/ Marc S. Sacks
MARC S. SACKS
CHARLES E. CANTER
TERRANCE A. MEBANE
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 22, 2017, I electronically filed the foregoing UNITED STATES' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                              /s/ Marc S. Sacks
                              MARC S. SACKS
                              Commercial Litigation Branch
                              Civil Division
                              United States Department of Justice

# EXHIBIT A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAND OF LINCOLN MUTUAL HEALTH INSURANCE COMPANY, an Illinois Non-Profit Mutual Insurance Corporation,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1224

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00744-CFL, Judge Charles F. Lettow.

-------------------------------------------------------------------------------

**MODA HEALTH PLAN, INC.,**
*Plaintiff-Appellee*

v.

**UNITED STATES,**
*Defendant-Appellant*

_____

2017-1994

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00649-TCW, Judge Thomas C. Wheeler.

---

**ON MOTION**

---

Before MOORE, *Circuit Judge.*

**O R D E R**

Land of Lincoln Mutual Health Insurance Company and Moda Health Plan, Inc. each move to have the above-captioned appeals assigned to the same merits panel for oral argument. Highmark Inc. et al. and National Alliance of State Health CO-OPs move to file *amici* briefs in support of the motions to make these companion cases. The United States opposes the motions to make these companion cases and instead moves to stay its appeal in the Moda case (Appeal No. 2017-1994) pending the court's disposition of Land of Lincoln's Appeal No. 2017-1224. The United States also opposes the motions to file *amici* briefs.

Land of Lincoln and Moda provided qualified health insurance plans under the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119 ("ACA"). Section 1342 of the ACA established a temporary program applicable to calendar years 2014, 2015, and 2016, whereby insurers paid money to, or received money from, the Department of Health and Human Services ("HHS") depending on whether the insurer suffered a loss or made a profit during the life of the program.

Land of Lincoln and Moda suffered losses but did not receive the full amount of payments calculated under the program's methodology. They separately sued in the United States Court of Federal Claims seeking damages

for the difference between what they alleged was owed and what HHS had paid. The Claims Court issued differing opinions on whether the ACA obligated the government to make such payments. The Claims Court ruled in favor of the government in Land of Lincoln's case in November 2016. That appeal is now fully briefed. In March 2017, the Claims Court ruled in favor of Moda, and the government's appeal was docketed on May 9, 2017.

According to the government, this court's decision in the Land of Lincoln appeal will control the resolution of the Moda appeal and a number of other related cases before the Claims Court. A stay of its appeal in the Moda case would thus allow the court to most quickly resolve the issues and not impose the burden of duplicative briefing. The government also points out that Moda filed an *amicus* brief in Appeal No. 2017-1224 and that the parties addressed the Moda decision in their briefs.

Moda and Land of Lincoln argue that allowing the appeals to be heard together by the same merits panel would be more in accordance with how this court has resolved similar circumstances in the past. They contend that while the two appeals involve similar legal issues, there are distinctions between the cases and having both cases before the same merits panel would be helpful to the court in deciding the merits of the issues.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) Moda's and Land of Lincoln's motions are granted. These appeals are considered companion cases and will be assigned to the same merits panel.

(2) The United States' motion for a stay is denied.

(3) The motions for leave to file *amici* briefs in support of Moda and Land of Lincoln's motions are denied.

                                   FOR THE COURT

                                   <u>/s/ Peter R. Marksteiner</u>
                                   Peter R. Marksteiner
                                   Clerk of Court

s26