## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH NET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-1722C |
| v. ) | Judge Victor J. Wolski |
| ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND TO HEALTH NET'S COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................... 1

STANDARD............................................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

I.     THE GOVERNMENT SEEKS AN INDEFINITE STAY OF PROCEEDINGS. ............ 3

II.    THE GOVERNMENT CANNOT SHOW A PRESSING NEED FOR THE
COURT TO STAY PROCEEDINGS................................................................................ 7

III.   THE BALANCE OF INTERESTS WEIGHS AGAINST A STAY OF THESE
PROCEEDINGS. .......................................................................................................... 12

IV.   THE COURT'S PARAMOUNT OBLIGATION TO TIMELY ADJUDICATE
CASES WEIGHS IN FAVOR OF DENYING THE STAY. ............................................ 14

CONCLUSION...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Brown v. United States,
131 Fed. Cl. 540 (2017) .................................................................................4, 10

Cherokee Nation of Okla. v. United States,
124 F.3d 1413 (Fed. Cir. 1997) ........................................................... passim

Clinton v. Jones,
520 U.S. 681 (1997) ........................................................................................2, 7

Colo. River Water Conservation Dist. v. United States,
424 U.S. 800 (1976) .............................................................................................2

Columbus Fruit & Vegetable Co-op. Ass'n, Inc. v. United States,
8 Cl. Ct. 525 (1985) ..........................................................................................13

Commonwealth Edison Co. v. United States,
46 Fed. Cl. 29 (2000), aff'd, 271 F.3d 1327 (Fed. Cir. 2001)...........................3, 11

Consolidation Coal Co. v. United States,
102 Fed. Cl. 489 (2011) ......................................................................................4

Dependable Highway Exp., Inc. v. Navigators Ins. Co.,
498 F.3d 1059 (9th Cir. 2007) ...........................................................................10

Johnson v. Rogers,
917 F.2d 1283 (10th Cir. 1990) ...........................................................................8

Landis v. N. Am. Co.,
299 U.S. 248 (1936) .............................................................................. passim

Lockyer v. Mirant Corp.,
398 F.3d 1098 (9th Cir. 2005) .........................................................................8, 10

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
460 U.S. 1 (1983) ............................................................................................ 14-15

Nez Perce Tribe v. United States,
101 Fed. Cl. 139 (2011) .....................................................................................14

Ortega Trujillo v. Conover & Co. Commc'ns,
221 F.3d 1262 (11th Cir. 2000) ...........................................................................8

*Prati v. United States*,
    82 Fed. Cl. 373 (2008) ...............................................................................11, 13

*St. Bernard Par. Gov't v. United States*,
    99 Fed. Cl. 765 (2011) ...........................................................................................12

*UnionBanCal Corp. & Subsidiaries v. United States*,
    93 Fed. Cl. 166 (2010) .............................................................................................8

*United States v. Mendoza*,
    464 U.S. 154 (1984)................................................................................................13

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ...................................................................................5

**<u>Other</u>**

RCFC 1 .....................................................................................................................14

Definition of *Indefinite*, *Oxford English Dictionary* (2nd ed. 1989) ............................4

Order, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.) (Fed. Cl.
    May 1, 2017), ECF No. 9......................................................................................10

Procedural Order, *Molina Healthcare of Cal., Inc., et al. v. United States*, No. 17-
    97C (Wheeler, J.) (Fed. Cl. Mar. 24, 2017), ECF No. 10....................................9, 11

Order, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl.
    Feb. 21, 2017), ECF No. 8.......................................................................................9

Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed.
    Cl. Dec. 14, 2016), ECF No. 16.................................................................. 1-2, 3, 9

Order, *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.)
    (Fed. Cl. Dec. 2, 2016), ECF No. 16 .....................................................................10

Opinion and Order, *Moda Health Plan, Inc. v. United States*, No. 16-649C
    (Wheeler, J.) (Fed. Cl. Nov. 28, 2016), ECF No. 12 ...............................................9

Def.'s Notice of Appeal, *Blue Cross and Blue Shield of N.C. v. United States*, No.
    16-651C (Griggsby, J.) (Fed. Cl. June 9, 2017), ECF No. 37 ...................................6

Def.'s Response in Opp. to Pl.'s Motion to Assign Related Appeals to the Same
    Panel, *Moda Health Plan, Inc. v. United States*, No. 17-1994 (Fed. Cir. May
    12, 2017), ECF No. 9.............................................................................................13

Def.'s Opp. to Pl.'s Mot. Summ. J. and Cross-Mot. Summ. J., *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (Fed. Cl. Apr. 12, 2017), ECF No. 52 ...................................................................................................8

Joint Status Report, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 16, 2017), ECF No. 7 ...................................................................9

Def.'s Mot. Stay, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8 ...............................................5, 9

Def.'s Mot. Stay, *Maine Cmty. Health Options*, No. 16-967C (Bruggink, J.) (Fed. Cl. Oct. 31, 2016), ECF No. 8 .................................................................................9

<u>**INTRODUCTION**</u>

The central issue in this case is the Government's refusal to fulfill its statutory obligation to make payments under the risk corridors program ("RCP") established by Section 1342 of the Affordable Care Act ("ACA"). Plaintiff, Health Net, Inc. ("Plaintiff" or "Health Net") filed a Complaint on December 30, 2016. Compl., ECF No. 1. As detailed in Health Net's Complaint, the Government owes Health Net $85,879,189 (for benefit year 2014) and $322,665,918.55 (for benefit year 2015). Compl. ¶ 69.

Defendant's response was initially due on March 2, 2017. It sought a stay of this case pending the resolution of another risk corridor case before this Court which had already been briefed and argued (*Montana*). *See* Def.'s Mot. Stay, ECF No. 6. Health Net objected to that motion and this Court denied it, finding that, notwithstanding other risk corridors cases pending on the Court's docket, the Government had not shown a "pressing need" for a stay. *See* Order Denying Stay, ECF No. 8.

Although Health Net objected to the Government's request for a stay, Health Net consented in good faith to ***three*** extensions requested by Defendant, first to May 1, 2017, then to May 31, 2017, and then to June 30, 2017. *See* Order Denying Stay, ECF No. 8; Order, ECF No. 10; Order, ECF No. 12. But now having had over six months to respond to Health Net's complaint, and having sought and received Health Net's consent to nearly four months' worth of extensions to respond, the Government once again seeks to avoid responding to the Complaint by requesting that this Court order a stay for the Government's convenience. Def.'s Mot. Stay ("Stay Motion"), ECF No. 13. The Government's previous stay requests before this Court were denied because the Government did not demonstrate a "pressing need" for a stay. *See* Order Denying Stay, ECF No. 8; Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Dec. 14, 2016), ECF No. 16 ("*Montana* Stay Denial"). In the motion

presently before this Court, the Government still fails to articulate any pressing need to stay

Health Net's action. Accordingly, this Court should again deny the requested stay of

proceedings.

## STANDARD

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction

given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817

(1976) (citations omitted). The Government, on the other hand, bears the burden of establishing

its entitlement to a stay:

> the suppliant for a stay must make out a *clear case of hardship or inequity* in being
> required to go forward, if there is even a *fair possibility* that the stay for which he prays
> will work damage to someone else. Only in *rare circumstances* will a litigant in one cause
> be compelled to stand aside while a litigant in another settles the rule of law that will
> define the rights of both.

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added). While this Court

unquestionably has discretion to manage its docket, *see Clinton v. Jones*, 520 U.S. 681, 706

(1997), that discretion is bounded by due regard for the plaintiff's interests in obtaining justice

for its cause. *See id*. at 707 (finding that district court abused its discretion in granting stay);

*Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (stating that

discretion to stay "is not . . . without bounds" (citations omitted)).

The Federal Circuit applies a tripartite formula to stay requests pending the resolution

of related cases:

> (i) "a trial court must first identify a pressing need for the stay;"

> (ii) "[t]he court must then balance interests favoring a stay against interests frustrated by
> the action;" and

> (iii) "[o]verarching this balancing is the court's paramount obligation to exercise
> jurisdiction timely in cases properly before it."

*Cherokee Nation*, 124 F.3d at 1416; *see Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 34 (2000), *aff'd*, 271 F.3d 1327 (Fed. Cir. 2001) (citing same formula).

The Government's request should be denied because: (1) the Government seeks an indefinite stay, (2) it has identified no "pressing need" for a stay, (3) the balance of interests weighs against a stay, and (4) this Court's paramount obligation to timely exercise jurisdiction weighs in favor of denying the requested stay.

## ARGUMENT

In March of 2017, this Court denied the Government's request to stay this case, noting that the government "has not shown the requisite 'pressing need.'" Order, ECF No. 8. This decision echoed this Court's denial of the Government's "essentially identical motion" in *Montana* in December 2016. *Id.*; *Montana* Stay Denial. Those earlier decisions from this Court provide ample support for denying the Government's motion.

But even if the Court is inclined to indulge the Government and consider its request for a third time, the motion is without merit because the Government's argument suffers from the same substantive flaws: it seeks an indefinite stay of this case without identifying any pressing need for it. Those factors, combined with the equities and this Court's own obligation to decide cases before it, require the denial of the Government's motion.

## I. THE GOVERNMENT SEEKS AN INDEFINITE STAY OF PROCEEDINGS.

The Government's request to stay this action "pending the outcome of the *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224, and *Moda Health Plan, Inc. v. United States*, No. 17-1994," both of which are before the Federal Circuit, constitutes a request for an "indefinite stay." *See* Order Denying Stay, ECF No. 8 (treating the Government's request to stay the instant action pending resolution of a related case as indefinite by requiring a showing of "pressing need"); Def.'s Mot. Stay 1; *see also Consolidation Coal Co.*

*v. United States*, 102 Fed. Cl. 489, 493 (2011) (request to delay litigation until another case was decided is a request for an indefinite stay). The Oxford English Dictionary defines "indefinite" as "undefined, unlimited; the opposite of definite." Definition of *Indefinite*, *Oxford English Dictionary* (2nd ed. 1989). Notwithstanding the Government's contention that it seeks a "time-limited, carefully monitored stay pending further developments" in *Land of Lincoln* and *Moda*, it fails to explain how a stay of unknown duration could qualify as anything other than "indefinite." *See* Def.'s Mot. Stay 9. Given that "[o]nly in *rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis*, 299 U.S. at 255, Health Net should be permitted to have its day in Court now, not at some indefinite point in the future.

A stay pending resolution of related cases is the very definition of "indefinite," as this Court, the Federal Circuit, and the Supreme Court have recognized. In *Landis* itself, the Supreme Court rejected a stay of one case pending a decision on appeal in another because movants had failed to demonstrate a "pressing need." *Id.* at 255 (explaining that a trial court abuses its discretion if it enters "a stay of indefinite duration in the absence of a pressing need"). The Federal Circuit, applying the *Landis* standard, similarly treated a motion to stay proceedings during the pendency of related cases as "indefinite" and applied the *Landis* pressing need requirement to deny the stay. *Cherokee Nation*, 124 F.3d at 1416. The judges of this court continue to apply this standard and deny motions to stay cases pending appeals to the Federal Circuit, absent a showing of "compelling need." *See, e.g.*, *Brown v. United States*, 131 Fed. Cl. 540, 543 (2017).[1]

---

[1] *See also infra* at 7-10 (collecting RCP cases applying pressing need standard and denying Government's requested stay).

The *Government* concedes that this Court has already deemed a stay pending resolution of related cases "indefinite" and appears to argue that a request for a stay pending a decision by this very Court in a related case (*Montana*) is different from a stay pending a ruling by the Federal Circuit (*Land of Lincoln* and *Moda*). *See* Def.'s Mot. Stay 10. But, if anything, the Government's current requested stay is even more indefinite than the one this Court previously denied, as it is contingent on events entirely outside the control of this Court.

This Court must also consider the time reasonably expected for resolution of the cases on appeal, *see Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983), and, as the Supreme Court cautioned, a stay must be "so framed in its inception that its force will be spent within reasonable limits, *so far at least as they are susceptible of prevision and description*." *Landis*, 299 U.S. at 257 (emphasis added). The Government's characterization of its request as a "time-limited" stay to allow the Federal Circuit to "resolve issues" in the risk corridors litigation is a canard. *See* Def.'s Mot. Stay 6, 10. It is not realistic to assume that a decision in the consolidated cases will be the final word on this Court's risk corridors docket. As the Government is quick to point out, *see id.* at 3, the United States' exposure for risk corridors liability exceeds $8 billion. At the very least, *en banc* review or even review by the Supreme Court should be expected. *See, e.g.*, Def.'s Mot. Stay 3, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8 (recognizing "the likelihood that each party will consider its full rights to judicial review.").

Indeed, if the Federal Circuit remands the consolidated appeals for further proceedings at the Court of Federal Claims, presumably the Government would request that the indefinite stay *in this case* continue, based on the Government's bald supposition that issues that have been raised in other risk corridors cases (including this one) are not entitled to be heard. And then

there are the many other cases that will likely be appealed to the Federal Circuit. Right now, at least six additional risk corridors cases are fully briefed and are likely to be appealed after the issuance of decisions:

- *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.) (pending decision)
- *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (pending decision)
- *Maine Cmty. Health Options v. United States*, No. 16-967C (Bruggink, J.) (pending decision)
- *HPHC Ins. Co. v. United States*, No. 17-87C (Griggsby, J.) (fully briefed)
- *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.) (fully briefed, oral argument scheduled)
- *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (fully briefed)

Three other cases (in addition to Health Net) are proceeding as well. *EmblemHealth, Inc. v. United States*, No. 17-703C (Wheeler, J.) (answer due 7/27/2017); *Ommen et al. v. United States*, No. 17-712C (Lettow, J.) (answer due 7/31/2017); *Atkins v. United States*, No. 17-906C (Kaplan, J.) (answer due 9/5/2017). In arguing that its requested stay is *not* indefinite, the Government conveniently ignores the import of all of these cases.

Recent events also demonstrate that the Government's requested stay is likely to stretch for an indefinite period of time. On June 9, 2017, a third risk corridors case was appealed to the Federal Circuit. *See* Def.'s Notice of Appeal, *Blue Cross and Blue Shield of N.C. v. United States*, No. 16-651C (Griggsby, J.) (Fed. Cl. June 9, 2017), ECF No. 37. That case has not been consolidated with *Land of Lincoln* and *Moda* for a hearing before the same merits panel. The existence of a separate appeal belies the Government's assertion that *Moda* and *Land of Lincoln* are the only cases that matter, just as the Government's *original* assertion—that *Land of Lincoln* was all that mattered—was misguided (as the Federal Circuit made clear when it rejected the Government's motion to stay *Moda* in favor of *Land of Lincoln*). *See* Def.'s Mot. Stay, Ex. A at 3. Given that every risk corridors case to have reached a decision at the Court of Federal Claims has been appealed, there is a strong likelihood that the risk corridors cases currently pending

decision will be appealed, and that the Government's requested stay will therefore extend to an immoderate length, which weighs strongly against entering a stay in the first place.

## II. THE GOVERNMENT CANNOT SHOW A PRESSING NEED FOR THE COURT TO STAY PROCEEDINGS.

In deciding the Defendant's Stay Motion, this Court must first and foremost identify a "pressing need" for the stay. *See* Order Denying Stay, ECF No. 8; *Cherokee Nation*, 124 F.3d at 1416. The Government bears the burden of demonstrating its need. *See Clinton*, 520 U.S. at 708 (finding that the "proponent of a stay bears the burden of establishing its need" (citing *Landis, 299 U.S. at 255*)). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. A trial court abuses its discretion if it issues a stay of indefinite duration "in the absence of a pressing need." *Id*.

The Government's request fails on this threshold issue. Its motion identifies no pressing need whatsoever. Rather, the apparent basis for its requested stay is the Government's claim that doing so will conserve judicial resources. But the Government's rationale is self-contradictory. On the one hand, the Government argues that the instant action raises issues that "mirror" those raised in *Land of Lincoln* and *Moda*. Def.'s Mot. Stay 7. On the *other* hand, the Government argues that the Court should delay *Health Net's* case to "drastically reduce the resources expended by the Court and the parties in reaching that resolution." *Id.* at 10. The Federal Circuit rejected these same arguments in denying the Government's motion to stay *Moda* pending its consideration of *Land of Lincoln*.

Moreover, the conservation of judicial and government resources does not justify an open-ended stay. The Federal Circuit's rejection of this very argument in denying the Government's motion to stay the *Moda* appeal pending its decision in *Land of Lincoln* should

guide the Court's decision on the current motion.  *Accord Cherokee Nation*, 124 F.3d at 1416

(where the only reason for granting the stay was that it would avoid duplicative litigation and

conserve judicial resources, finding that "this concern falls short of the 'pressing need' required

when a trial court seeks to suspend its proceedings indefinitely"); *Ortega Trujillo v. Conover &*

*Co. Commc'ns*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("The case law illustrates that . . . the

interests of judicial economy alone are insufficient to justify such an indefinite stay." (citing

*Landis*, 299 U.S. at 256-57); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111-12 (9th Cir.

2005) (holding that a *Landis* stay was inappropriate where grounds other than judicial economy

were offered and found to lack merit); *cf. Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.

1990) (holding that a crowded docket, without more, is insufficient to justify lengthy delay).

 The Government also grossly overstates the resources it seeks to conserve.  Though the

Government makes much of the judicial resources it believes will likely be consumed should it

move to dismiss this case, the Government has elsewhere taken the position that the risk

corridors cases are capable of resolution without discovery or trial.[2]  In that regard, this action is

markedly different from the case cited by the Government, *UnionBanCal Corp. & Subsidiaries*

*v. United States* (*see* Def.'s Mot. Stay 6), in which the court's entry of a stay repeatedly cited the

value of ***avoiding trial***.  93 Fed. Cl. 166, 168 (2010).  Here, it is unlikely that resolution of

Health Net's claims will draw upon the resources a trial would demand.

 Moreover, the Government's argument that a stay will conserve the *parties'* resources, in

addition to the Court's, has been discredited numerous times.  As a practical matter, the

Government's position is already fully briefed in *Montana Health*, also before this Court and by

the Government's own admission substantially similar to Health Net's claims.  *See* Def.'s Mot.

---

[2] *See, e.g.*, Def.'s Opp. to Pl.'s Mot. Summ. J. and Cross-Mot. Summ. J., *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (Fed. Cl. Apr. 12, 2017), ECF No. 52.

Stay 5.  The Government's argument that briefing the instant action will draw on substantial

resources at the Department of Justice lacks credibility.  In addition, the Government has raised

this argument (unsuccessfully) in risk corridors cases since October 2016.[3]  In total, the

Government's requests to stay have been denied at least six times because the Government

cannot demonstrate the requisite "pressing need," including:

- Procedural Order, *Molina Healthcare of Cal., Inc., et al. v. United States*, No. 17-97C (Wheeler, J.) (Fed. Cl. Mar. 24, 2017), ECF No. 10 ("*Molina* Order");
- Order, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. Mar. 2, 2017), ECF No. 8;
- Order, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 21, 2017), ECF No. 8;[4]
- Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Dec. 14, 2016), ECF No. 16;
- Opinion and Order, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.) (Fed. Cl. Nov. 28, 2016), ECF No. 12; and
- Order, *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.) (Fed. Cl. Dec. 2, 2016), ECF No. 16.

The Government cites to 13 stays that have been entered, including in *Blue Cross and*

*Blue Shield of Kansas City*, but in all but two of those cases, Plaintiff **consented** to the

Government's requested stay, as is each plaintiff's prerogative.  *See* Def.'s Mot. Stay 3.  In

---

[3] *See, e.g.*, Def.'s Mot. Stay 2, ECF No. 6; Def.'s Mot. Stay 2, *Maine Cmty. Health Options*, No. 16-967C (Merow, J.) (Fed. Cl. Oct. 31, 2016), ECF No. 8; Def.'s Mot. Stay 3, *Montana Health CO-OP*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8.

[4] In both *HPHC* and *Molina*, the Government did not formally move to stay the action, but rather urged the Court to enter a stay through a joint status report in the former and a status conference in the latter.  Notwithstanding the differing vehicles for raising the arguments, they nonetheless represent examples of judges of this Court rejecting the Government's now standard arguments. Joint Status Report 1-6, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 16, 2017), ECF No. 7 (setting forth, in the section titled "The United States' Position," substantially the same arguments including a "request for a limited stay of this action pending (1) this Court's decision in BCBSNC and (b) the Federal Circuit's decision in *Land of Lincoln*"); *Molina* Order 2 ("Defendant's counsel urged the Court to invoke a stay of proceedings pending the Federal Circuit's review of *Land of Lincoln*, and potentially of *Moda Health* if the Government elects to appeal that decision.  In the alternative, due to the presence of a heavy workload in the other risk corridors cases, the Government requested an enlargement of time . . .").

*Sanford Health Plan v. United States*, the Court entered a temporary but far more limited stay

pending a decision *by the same judge* in *Maine Community Health Options*, which is already

fully briefed and argued. Order, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink,

J.) (Fed. Cl. May 1, 2017), ECF No. 9. That is not analogous to the case *sub judice* where the

Government is asking for an open-ended stay the length of which is dependent on the

Government's speculation about activity that is out of the control of this Court.[5] For obvious

reasons, the Government can cite no authority for the proposition that the purportedly taxed

resources of trial counsel support a stay of a plaintiff's case—such a proposition would be

transparently arbitrary even where the cases involve common subject matter. Defendant's case

load falls short of the sort of "pressing need" the Federal Circuit requires. It would also be

unseemly for the Government to bar an aggrieved plaintiff from the courthouse on the grounds

that the suit inconveniences the Government.

Unsurprisingly, courts have routinely rejected such arguments as falling short of the

standard of "hardship" required. *See, e.g.*, *Brown*, 131 Fed. Cl. at 543 (finding that "the court

cannot agree that the possible need for additional briefing on the issue of liability constitutes a

hardship that necessitates a stay of proceedings"); *Lockyer*, 398 F.3d at 1112 ("being required to

defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the

meaning of *Landis*."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

1066 (9th Cir. 2007) (same).

---

[5] The Government also cites to the stay entered in *Farmer v. United States*, No. 17-363C
(Campbell-Smith, J.) on June 7, 2017, which reasoned that the requested stay is not indefinite
and declined to apply the "pressing need" standard. For the reasons discussed *supra* Part I,
Health Net respectfully submits that this Court should, consistent with its prior rulings and the
rulings of several other judges, find the requested stay to be indefinite, and reject the
Government's request as a result of its failure to identify any pressing need.

In addition to the general insufficiency of asserting that it is a hardship for lawyers to defend a lawsuit, the notion that *this case* will overtax the Government's resources is greatly overstated. The Government's "familiarity with the issues presented and the ample size of the legal staff devoted to these cases" militates *against* granting a stay. *Molina* Order 2-3. For the very same reason, the Government's assertion that a stay in this case would "conserve judicial resources and the resources of both parties," Def. Mot. Stay 7, should not be given any weight. The Government has already briefed its position in numerous other risk corridors cases. Health Net's case is not uniquely onerous for the Government.

In reality, the Government's request for a stay is not intended to conserve the resources of this Court or the parties. Rather, the Government's goal is to limit the legal analysis taking place in this Court's risk corridors docket, and thereby limit the analysis available to the Federal Circuit. The Court should reject this procedural gambit. To the extent that the Government's motivation is that by delaying this case it might be able to avail itself of favorable decisions of other judges of this Court, or any related outcome on appeal, the Stay Motion would have to be rejected not only because it does not present a pressing need, but also as mere defensive forum shopping. The Federal Circuit has considered parties' motives in seeking stays and has affirmed that it "need not countenance such legal gamesmanship." *Commonwealth*, 46 Fed. Cl. at 34. Health Net is entitled to a decision on the merits no less than any other plaintiff. If judges of this Court were to hold cases in abeyance anytime a similar case had already been docketed, the wheels of justice would slow to a crawl for well-deserving plaintiffs. Here, the law does not support entry of the Government's requested stay. *See Cherokee Nation*, 124 F.3d at 1416; *Prati v. United States*, 82 Fed. Cl. 373, 378 (2008) (in denying reconsideration, noting that, unlike a stay pending an interlocutory or administrative appeal, "concerns about resources and judicial

economy are not as relevant" to requests for indefinite stays pending Federal Circuit resolution of a companion case decided by this Court).

## III.    THE BALANCE OF INTERESTS WEIGHS AGAINST A STAY OF THESE PROCEEDINGS.

The Government charges that Health Net "cannot provide any legitimate justification for moving forward in this case" due to the *Land of Lincoln* and *Moda* appeals.  Def.'s Mot. Stay 10. For one thing, Health Net does not bear any burden to justify *not* staying this case.  A stay is the rare exception, not the rule; and the burden falls on the Government to establish its need, which it has failed to do.  *See St. Bernard Par. Gov't v. United States*, 99 Fed. Cl. 765, 771 (2011) ("The proponent of a stay bears the burden of establishing its need, and must 'make out a clear case of hardship or inequity in being required to go forward.'" (quoting *Landis*, 299 U.S. at 255)).  In any event, the Government is wrong that no justification to proceed exists.

Indeed, the Federal Circuit has itself already rejected the Government's rationale in the very risk corridors appeals it now invokes here.  *Land of Lincoln* was appealed first, following Judge Lettow's ruling in favor of the Government.  *Moda*, decided subsequently by Judge Wheeler in favor of the plaintiff, was appealed second.  After waiting until the last minute to appeal *Moda*, the Government then sought to stay its own appeal to train the Federal Circuit's attention exclusively on *Land of Lincoln*.  This was further evidenced by the Government's vigorous opposition to the assignment of *Moda* and *Land of Lincoln* to the same merits panel. The Federal Circuit rejected the Government's "conservation of resources" rationale, however, expressly stating in its May 30, 2017 order denying the Government's motion to stay *Moda* pending *Land of Lincoln* that "there are distinctions between the cases and having both cases before the same merits panel would be helpful to the court in deciding the merits of the issues." Def.'s Mot. Stay, Ex. A at 3.

This "percolation principle" is well ingrained in court decisions and apt here: the resolution of distinct plaintiffs' claims in similar cases will better inform the court of appeals about the important issues raised in this and the other cases. *See United States v. Mendoza*, 464 U.S. 154, 160 (1984) (stressing the importance of allowing "difficult question[s]" to percolate among the multiple courts of appeals before granting certiorari); *Prati*, 82 Fed. Cl. at 378 (noting that "additional [cases of the type at issue] could benefit the Federal Circuit . . . ."); *Columbus Fruit & Vegetable Co-op. Ass'n, Inc. v. United States*, 8 Cl. Ct. 525, 529 (1985) (citing *Mendoza*, 464 U.S. 154 (1984) (applying percolation principle in context of fee dispute affected by Government effort to litigate multiple cases in different forums)). The Government itself has acknowledged that the Federal Circuit "may consider the reasoning of the trial court opinions in this case and other risk-corridors cases, regardless of whether such opinions are formally filed with the Court." Def.'s Response in Opp. to Pl.'s Motion to Assign Related Appeals to the Same Panel 4, *Moda Health Plan, Inc. v. United States*, No. 17-1994 (Fed. Cir. May 12, 2017), ECF No. 9. Indeed, the Government's argument that the instant action implicates similar issues counsels in favor of denying, not granting, a stay, as "[i]f the issues are sufficiently similar, the Federal Circuit could consolidate these [related] appeals . . . and reach a single decision with all the relevant cases before the court." *Prati*, 82 Fed. Cl. at 378.

Furthermore, a stay would unduly frustrate Health Net's interests. The Government's efforts to diminish the importance of the timing of any judgment Plaintiff may be awarded ignores the challenges faced by other insurers who offered ACA Qualified Health Plans on the exchanges and the import of resolution to their continued business decisions. Health Net indisputably has an interest in resolving this dispute as quickly as possible. *See Landis*, 299 U.S.

at 255 (a stay would not be appropriate where there is "a fair possibility that the stay . . . will work damage" to the non-moving party); *Cherokee Nation*, 124 F.3d at 1416.

A plaintiff does not lose its right to be heard in a timely manner merely because another plaintiff filed a similar suit. It is for that reason that this Court has repeatedly permitted cases to move forward despite the pendency of related litigation. *See, e.g.*, *Cherokee Nation*, 124 F.3d at 1418 (trial court abused its discretion in staying proceedings pending resolution of related quiet title action in another court); *Nez Perce Tribe v. United States*, 101 Fed. Cl. 139, 140 n.1 (2011) (2006 case in this Court proceeded while district court action brought by same party was pending).

The strong interests weighing against a stay overwhelm whatever desire the Government has for a contrary result because the Government's failure to pay Health Net the hundreds of millions of dollars it owes has caused real and significant harm. Health Net's good-faith desire for a decision on the merits as soon as practicable eclipses whatever limited regard the Court should give to the workload argument raised by the Government.

## IV. THE COURT'S PARAMOUNT OBLIGATION TO TIMELY ADJUDICATE CASES WEIGHS IN FAVOR OF DENYING THE STAY.

The lack of a "pressing need" and the balance of interests favoring denial of the Stay Motion are joined by yet another overarching consideration: this Court's "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. This Court's own Rule 1 requires that the rules of this Court "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. This principle springs from the Court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]" to decide

controversies. *Cherokee Nation*, 124 F.3d at 1418 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983)).

This Court has jurisdiction to hear Plaintiff's case. Presumably, the Government believes that this matter can be resolved without an evidentiary hearing in light of its assertion that other fully briefed cases involve the "identical" legal issues. *See* Def.'s Mot. Stay 5.

## **CONCLUSION**

For the foregoing reasons, Health Net respectfully requests that this Court deny the Government's request for a stay pending resolution of other cases. Health Net respectfully requests oral argument on the issue of the Government's requested stay.

Dated: July 10, 2017                                  Respectfully submitted,

OF COUNSEL:                                          */s/ Christopher Flynn*
Daniel Wolff                                         Christopher Flynn
Sharmistha Das                                       Stephen McBrady
CROWELL & MORING LLP                                 Xavier Baker
1001 Pennsylvania Avenue, NW                         CROWELL & MORING LLP
Washington, DC 20004                                 1001 Pennsylvania Avenue, NW
Tel: (202) 624-2500                                  Washington, DC 20004
                                                     Tel: (202) 624-2500
                                                     Fax: (202) 628-5116
                                                     cflynn@crowell.com

                                                     *Counsel for Plaintiff Health Net*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 10, 2017, a copy of the forgoing "Plaintiff's Opposition to Defendant's 'Motion to Stay Proceedings, Or In the Alternative, for An Enlargement of Time'" was filed electronically using the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be served on Defendant's Counsel, Marc S. Sacks, via the Court's ECF system.

*/s/ Christopher Flynn*
Christopher Flynn
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:  (202) 624-2500
Fax:  (202) 628-5116
cflynn@crowell.com
